UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MICHAEL T. TRAIL,
Plaintiff,

vs. 5:09-CV-01120 (DNH/GHL)

MICHAEL J. ASTRUE,
*Commissioner of Social Security*,
Defendant.

APPEARANCES: OF COUNSEL:

OLINSKY & SHURTLIFF
*Counsel for Plaintiff*
300 South State Street, Suite 520
Syracuse, NY 13202-2060

HOWARD OLINSKY, ESQ.
JAYA SHURTLIFF, ESQ.

SOCIAL SECURITY ADMINISTRATION
Office of the Regional General Counsel
*Counsel for Defendant*
26 Federal Plaza - Room 3904
New York, NY 10278

ROBERT R. SCHRIVER, ESQ.
Special Assistant U.S. Attorney

GEORGE H. LOWE, United States Magistrate Judge

**REPORT-RECOMMENDATION**[1]

## I. BACKGROUND

### A. Procedural History

On October 27, 2006, Plaintiff Michael Trail protectively applied for disability insurance benefits ("DIB"). Administrative Transcript ("T") 102-05. On April 30, 2009, a hearing was held before an Administrative Law Judge ("ALJ"). T 34-65. On June 19, 2009, the ALJ determined that Plaintiff was not disabled. T 19-33.

Plaintiff appealed to the Appeals Council. On September 25, 2009, the Appeals Council

[1] This matter was referred to me for report and recommendation by the Honorable David N. Hurd, United States District Judge, pursuant to 28 U.S.C. § 636(b) and Northern District of New York Local Rule 72.3.

denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. T 1-3. Plaintiff commenced this action on October 6, 2009. Dkt. No. 1.

**B. The Contentions**

Plaintiff makes the following claims:

1. The ALJ erred at step two and did not apply the appropriate legal standards when she found Plaintiff's heart impairment to be non-severe. Dkt. No. 12 at 20-21.

2. The ALJ failed to apply the appropriate legal factors in evaluating Plaintiff's credibility. Dkt. No. 12 at 21-22.

3. The ALJ's residual functional capacity ("RFC") finding is unsupported by substantial evidence because she failed to apply the treating physician rule, relied upon opinions not in evidence, and substituted her lay opinion for the medical evidence. Dkt. No. 12 at 22-24.

4. The ALJ erred at step five when she failed to consult a vocational expert because Plaintiff has nonexertional limitations that significantly erode the sedentary work base. Dkt. No. 12 at 24-25.

Defendant disagrees, and argues that the decision should be affirmed. Dkt. No. 13.

## II. APPLICABLE LAW

**A. Standard for Benefits**

To be considered disabled, a plaintiff seeking disability insurance benefits or supplemental security income benefits must establish that he is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). In addition, the plaintiff's

> physical or mental impairment or impairments [must be] of such severity that he is

> not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B).

Acting pursuant to its statutory rulemaking authority (42 U.S.C. §§ 405(a), 1383(d)(1)), the Social Security Administration ("SSA") has promulgated regulations establishing a five-step sequential evaluation process to determine disability. 20 C.F.R. § 404.1520. "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003).

> At the first step, the agency will find non-disability unless the claimant shows that he is not working at a "substantial gainful activity." [20 C.F.R.] §§ 404.1520(b), 416.920(b). At step two, the SSA will find non-disability unless the claimant shows that he has a "severe impairment," defined as "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." [20 C.F.R.] §§ 404.1520(c), 416.920(c). At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled; if so, the claimant qualifies. [20 C.F.R. §§] 404.1520(d), 416.920(d). If the claimant's impairment is not on the list, the inquiry proceeds to step four, at which the SSA assesses whether the claimant can do his previous work; unless he shows that he cannot, he is determined not to be disabled.[] If the claimant survives the fourth stage, the fifth, and final, step requires the SSA to consider so-called "vocational factors" (the claimant's age, education, and past work experience), and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy.[] [20 C.F.R.] §§ 404.1520(f), 404.1560(c), 416.920(f), 416.9630(c).

*Barnhart v. Thomas*, 540 U.S. at 24-25 (footnotes omitted).

The plaintiff-claimant bears the burden of proof regarding the first four steps. *See Draegert v. Barnhart*, 311 F.3d 468, 472 (2d Cir. 2002). If the plaintiff-claimant meets his or her burden of proof on all four steps, the burden then shifts to the defendant-Commissioner to prove that the

plaintiff-claimant is capable of performing other jobs which exist in significant numbers in the national economy. *Id.*

**B. Scope of Review**

In reviewing a final decision of the Commissioner, a court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision. *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987). A reviewing court may not affirm an ALJ's decision if it reasonably doubts whether the proper legal standards were applied, even if the decision appears to be supported by substantial evidence. *Johnson*, 817 F.2d at 986. In addition, an ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision. *Ferraris v. Heckler*, 728 F.2d 582, 587-88 (2d Cir. 1984).

A court's factual review of the Commissioner's final decision is limited to the determination of whether there is substantial evidence in the record to support the decision. 42 U.S.C. § 405(g); *Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir. 1991). "Substantial evidence has been defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Williams o/b/o Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (citations omitted). It must be "more than a scintilla" of evidence scattered throughout the administrative record. *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197 (1938)). "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams*, 859 F.2d at 258 (citations omitted). However, a reviewing court cannot substitute its

interpretation of the administrative record for that of the Commissioner if the record contains substantial support for the ALJ's decision. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982), *cert. denied*, 459 U.S. 1212 (1983).

## III. THE PLAINTIFF

Plaintiff, who was forty-one years old at the time of the hearing, graduated from high school and completed one year of college. T 43. Plaintiff previously worked as a waiter. T 138. He stopped working on August 23, 1999, because he injured his back and his doctor "took" him out of work. T 118.

Plaintiff alleges disability due to having undergone surgery on his lower spine, joint disease, chronic back pain, a "heart condition," and a "breathing condition." T 118.

## IV. THE ALJ'S DECISION

In determining that Plaintiff was not disabled, the ALJ made the following findings:

1. Plaintiff had not engaged in substantial gainful activity during the period from his alleged onset date of August 23, 1999 through his date last insured of December 31, 2004. T 24.

2. Plaintiff's lumbar spine disorder was a severe impairment. T 24-26.

3. Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. T 26.

4. Plaintiff had the RFC to lift and/or carry ten pounds occasionally, stand and/or walk two hours in an eight-hour workday, sit six hours in an eight-hour workday, push and/or pull ten pounds, and occasionally climb ramps/stairs, balance, stoop, kneel, crouch, and crawl. T 26. Through the date last insured, Plaintiff was unable to perform his past relevant work. T 31.

5. Considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. Thus, Plaintiff was not disabled. T 32.

## V. DISCUSSION

### A. Severity

Plaintiff argues that the ALJ erred at step 2 and did not apply the appropriate legal standards when she found Plaintiff's heart impairment to be non-severe. Dkt. No. 12 at 20-21. Defendant argues that the ALJ committed no such error. Dkt. No. 13 at 17-18.

As stated above, step two of the sequential evaluation process requires a determination as to whether the claimant has a severe impairment which significantly limits the physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1521(b).

An impairment is severe if it causes more than minimal functional limitations. 20 C.F.R. § 416.924(c). Age, education, and work experience are not evaluated in determining if the impairment or combination of impairments are severe. 20 C.F.R. § 416.920(c). The severity analysis does no more than "screen out *de minimis* claims." *See Dixon v. Shalala*, 54 F.3d 1019, 1030 (2d Cir. 1995) (citations omitted). If the disability claim rises above the *de minimis* level, then further analysis is warranted. *See id.*

Here, the ALJ specifically discussed whether or not Plaintiff's heart condition was severe. T 25. The ALJ noted the following: In August of 2006, Plaintiff was hospitalized due to congestive heart failure secondary to severe aortic insufficiency. *Id.* Plaintiff's symptoms included chest pain, shortness of breath, and fatigue. *Id.* On August 31, 2006, Plaintiff underwent an aortic valve replacement. *Id.* In May of 2008, Plaintiff required a second aortic valve replacement. *Id.*

The ALJ then pointed out that "the record was devoid of any evidence of a heart condition

on or before the claimant's date last insured [of December 31, 2004].[2] In fact, the claimant did not even mention heart problems in his previous disability reports." T 25, 33.

Plaintiff argues that the ALJ incorrectly stated that the record was devoid of any evidence of a heart condition on or before the date last insured. Dkt. No. 12 at 21. For support, Plaintiff points to a hospital discharge note dated August 14, 2006, which states that Plaintiff had a "known history of significant aortic insufficiency and heart failure." *Id.*, T 188. However, as noted, Plaintiff's date last insured was December 31, 2004. The hospital discharge note is dated August 14, 2006. Thus, the note in question is dated well *after* the date last insured. Accordingly, Plaintiff's argument is illogical.

To the extent that Plaintiff argues that this note shows that Plaintiff's heart condition was severe prior to the date last insured, in no way does the note show that Plaintiff's heart condition significantly limited his physical or mental ability to do basic work activities prior to the date last insured.

Plaintiff also argues that it "seem[ed]" like the ALJ found a gap in the record when the ALJ identified the lack of evidence of a heart condition on or before the date last insured, therefore the ALJ had a duty to fill that gap. Dkt. No. 12 at 21. A review of the decision fails to show that the ALJ found such a gap in the record. Moreover, the regulations place the burden of establishing disability on a claimant. 20 C.F.R. § 404.1512(a)("In general, you have to prove to us that you are blind or disabled. Therefore, you must bring to our attention everything that shows that you are blind or disabled. This means that you must furnish medical and other evidence that we can use to

[2] An individual must demonstrate the onset of disability on or before his date last insured in order to qualify for Social Security disability benefits. *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008). Plaintiff makes no challenge to this determination.

reach conclusions about your medical impairment(s) and, if material to the determination of whether you are blind or disabled, its effect on your ability to work on a sustained basis. We will consider only impairment(s) you say you have or about which we receive evidence."); (c) ("You must provide medical evidence showing that you have an impairment(s) and how severe it is during the time you say that you are disabled.").

In light of the foregoing, the Court sees no reason to recommend remand. The ALJ’s determination that Plaintiff’s heart condition was non-severe prior to the date last insured was supported by substantial evidence. Therefore, the matter in this regard should be affirmed.

**B. Credibility**

Plaintiff argues that the ALJ failed to apply the appropriate legal factors in evaluating Plaintiff’s credibility. Dkt. No. 12 at 21-22. Defendant argues that the ALJ properly evaluated Plaintiff’s credibility. Dkt. No. 13 at 18.

“An [ALJ] may properly reject [subjective complaints] after weighing the objective medical evidence in the record, the claimant's demeanor, and other indicia of credibility, but must set forth his or her reasons ‘with sufficient specificity to enable us to decide whether the determination is supported by substantial evidence.’” *Lewis v. Apfel*, 62 F. Supp. 2d 648, 651 (N.D.N.Y. 1999) (quoting *Gallardo v. Apfel*, Civ. No. 96-9435, 1999 WL 185253, at *5 (S.D.N.Y. Mar. 25, 1999)).

To satisfy the substantial evidence rule, the ALJ's credibility assessment must be based on a two-step analysis of pertinent evidence in the record. 20 C.F.R. § 404.1529; *see also Foster v. Callahan*, Civ. No. 96-1858, 1998 WL 106231, at *5 (N.D.N.Y. Mar. 3, 1998). First, the ALJ must determine, based upon the claimant's objective medical evidence, whether the medical impairments "could reasonably be expected to produce the pain or other symptoms alleged . . . ." 20 C.F.R. §

404.1529(a). Second, if the medical evidence alone establishes the existence of such impairments, then the ALJ need only evaluate the intensity, persistence, and limiting effects of a claimant's symptoms to determine the extent to which they limit the claimant's capacity to work. 20 C.F.R. § 404.1529(c). When the objective evidence alone does not substantiate the intensity, persistence, or limiting effects of the claimant's symptoms, the ALJ must assess the credibility of the claimant's subjective complaints by considering the record in light of the following symptom-related factors: (1) claimant's daily activities; (2) location, duration, frequency, and intensity of claimant's symptoms; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness, and side effects of any medication taken to relieve symptoms; (5) other treatment received to relieve symptoms; (6) any measures taken by the claimant to relieve symptoms; and (7) any other factors concerning claimant's functional limitations and restrictions due to symptoms. 20 C.F.R. § 404.1529(c)(3). An ALJ's evaluation of a plaintiff's credibility is entitled to great deference if it is supported by substantial evidence. *Murphy v. Barnhart*, No. 00-9621, 2003 WL 470572, at *10 (S.D.N.Y. Jan. 21, 2003) (citations omitted)).

Here, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms were not entirely credible. T 31. In making this determination, the ALJ discussed the required factors.[3] T 26-31. For instance, the ALJ noted that regarding Plaintiff daily activities, Plaintiff testified that he took several walks throughout the day for exercise, did the dishes, and shopped. T 27.

[3] I note that Plaintiff fails to identify any *specific* factors that the ALJ failed to consider. *See* Dkt. No. 12 at 21-22. Instead, Plaintiff summarily argued that "the ALJ did not apply these factors." *Id.* at 22.

The ALJ also reviewed the location, duration, frequency, and intensity of claimant's symptoms. For instance, the ALJ noted that Plaintiff described his back pain as "dull" and "achy." T 27.

The ALJ further discussed "the type, dosage, effectiveness, and side effects of any medication taken to relieve symptoms." For example, the ALJ noted that Plaintiff reported that "his medications were keeping his pain at a 'tolerable level' and denied any medication side effects." T 28.

In light of the foregoing, the credibility analysis was supported by substantial evidence. Therefore, the matter in this regard should be affirmed.

**C. RFC and Treating Physician Rule**

Plaintiff argues that the RFC determination is not supported by substantial evidence because the ALJ failed to apply the treating physician rule, relied upon opinions not in evidence, and substituted her lay opinion for the medical evidence. Dkt. No. 12 at 22-24. Defendant argues that the ALJ committed no such errors. Dkt. No. 13 at 20-23.

A claimant's RFC represents a finding of the range of tasks he or she is capable of performing despite his or her impairments. 20 C.F.R. § 404.1545(a). An RFC determination is informed by consideration of a claimant's physical abilities, mental abilities, symptomatology, including pain, and other limitations that could interfere with work activities on a regular and continuing basis. *Id.; Martone v. Apfel*, 70 F. Supp. 2d 145, 150 (N.D.N.Y. 1999)(Hurd, J.).

To properly ascertain a claimant's RFC, an ALJ must assess a claimant's exertional capabilities, addressing his or her ability to sit, stand, walk, lift, carry, push and pull. 20 C.F.R. § 404.1569a. Non-exertional limitations or impairments, including impairments that result in postural

and manipulative limitations, must also be considered. 20 C.F.R. § 404.1569a; *see also* 20 C.F.R. Part 404, Subpt. P, App. 2 § 200.00(e). When making an RFC determination, an ALJ must specify those functions that the claimant is capable of performing; conclusory statements concerning his or her capabilities, however, will not suffice. *Martone*, 70 F. Supp. 2d at 150. Further, "(t)he RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g. laboratory findings) and nonmedical evidence (e.g. daily activities, observations)." S.S.R. 96-8p, 1996 WL 374184, at *7 (S.S.A.). An administrative RFC finding can withstand judicial scrutiny only if there is substantial evidence in the record to support each requirement listed in the regulations. *Martone*, 70 F. Supp. 2d at 150.

Here, the ALJ found that Plaintiff had the RFC to lift and/or carry ten pounds occasionally, stand and/or walk two hours in an eight-hour workday, sit six hours in an eight-hour workday, push and/or pull ten pounds, and occasionally climb ramps/stairs, balance, stoop, kneel, crouch, and crawl. T 26. In making this determination, the ALJ reviewed the evidence and weighed various opinions. Plaintiff argues that the ALJ erred in the following regards:

**1. Reliance on Opinions Not in the Record**

Plaintiff claims that the ALJ erred by relying on opinions that are not in the record. Dkt. No. 12 at 22-23. The Court agrees. The ALJ stated that she afforded "some" weight to the opinions of State medical consultants, F. Keels Baker, M.D., and "Dr. Keller." T 30. The ALJ vaguely stated that these opinions were contained in "Exhibit F," which is in contrast to the detailed citations the ALJ provided for the other medical opinions contained in the record. T 29-30. After a review of the record, the Court is unable to locate these opinions. Moreover, I note that Defendant completely fails to discuss this issue or even provide a citation to these opinions, which the Court finds

interesting. Accordingly, the ALJ erred by relying on opinions that are not contained in the record. Thus, the matter should be remanded in order for these opinions to be included in the record.

**2. Treating Physicians' Opinions**

**a. Eugene Giddens, M.D.**

Plaintiff claims that the ALJ erred in her evaluation of the treating physicians' opinions. Dkt. No. 12 at 22-24. The medical opinions of a treating physician are given "controlling weight" as long as they are "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and are not inconsistent with other substantial evidence contained in the record. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). Even if the treating physician's opinion is contradicted by substantial evidence and thus is not controlling, it still may be entitled to significant weight "because 'the treating source is inherently more familiar with a claimant's medical condition than are other sources.'" *Santiago v. Barnhart*, 441 F. Supp. 2d 620, 627 (S.D.N.Y. 2006) (quoting *Gonzalez v. Callahan*, No. 94 Civ. 8747, 1997 WL 279870, at *11 (S.D.N.Y. May 23, 1997) (citing *Schisler v. Bowen*, 851 F.2d 43, 47 (2d Cir. 1988))). However, if not controlling, the proper weight given to a treating physician's opinion depends upon the following factors: (1) the length of the treatment relationship and frequency of examinations; (2) the nature and extent of the treatment relationship; (3) the medical evidence in support of the opinion; (4) the consistency of the opinion with the record as a whole; (5) whether the opinion is from a specialist; and (6) any other factors that tend to support or contradict the opinion. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). Omission of this analysis is considered failure to apply the proper legal standard, and is grounds for reversal of the Commissioner's determination. *Schaal v. Apfel*, 134 F.3d 496, 505 (2d Cir. 1998).

Here, the ALJ stated that she afforded "great weight" to the opinion of Eugene Giddens,

M.D., a treating physician, in light of the treating relationship. T 29. On April 15, 2003, Dr. Giddens rendered the following opinion:

> At this time, I feel that Mr. Trail is suited only for sedentary type [of] work. Yet given his degree of pain and requirement for narcotic medication, it is very possible that even sedentary work is beyond the scope of what he can presently do.

T 670.

However, the ALJ "discounted Dr. Giddens' hypothesis that given '[Plaintiff's] degree of pain and requirement for narcotic medication, it was very possible that even sedentary work was beyond the scope of what he could do'" due to Plaintiff's "narcotic use and drug-seeking behavior" and "the absence of significant physical abnormality on imaging or clinical examination." T 29.

First, I find that the ALJ improperly attributed Plaintiff's "requirement for narcotic medication" to Plaintiff's narcotic use and drug-seeking behavior. The ALJ provided no support for this statement. Moreover, Dr. Giddens' opinion made no explicit reference to narcotic use or drug-seeking behavior. T 670.

Second, the ALJ failed to explain what constituted "significant physical abnormality on imagining or clinical examination." I note that Dr. Giddens pointed out that imaging studies showed degenerative disc disease at L4-5. T 670. He also noted that while Plaintiff received some relief from injections and a back brace, conservative measures have failed and that Plaintiff should explore further surgery. *Id.* He further noted that Plaintiff was "still in a great deal of pain and unable to engage in any physical activity without exacerbation of his pain." *Id.*

In light of the foregoing, the ALJ failed to properly analyze Dr. Giddens' opinion by failing to discuss all of the factors set forth in the regulations. To the extent that she provided a discussion,

it was improper and vague.[4] Therefore, I recommend that the matter be remanded. On remand, the ALJ must properly analyze Dr. Giddens' opinion if she affords the opinion less than controlling weight.

**b. Mahesh Kuthuru, M.D., and Moses Kyobe, M.D.**

Plaintiff argues that the ALJ erred by affording no weight to the opinions of Mahesh Kuthuru, M.D., and Moses Kyobe, M.D. Dkt. No. 12 at 22-24. Defendant argues that the ALJ "properly gave these opinions no weight because of the long time lag between the relevant time frame in this case (1999 to 2004) and the opinions given by the two physicians, who did not treat plaintiff during the relevant time frame." Dkt. No. 13 at 22.

The ALJ afforded no weight to these two opinions. T 30. The ALJ simply stated that these treating physicians did not treat Plaintiff during the time at issue, namely the period from the alleged onset date through the date last insured. T 30. I find that the ALJ's terse explanation falls short of the analysis the ALJ was required to provide. While the length of the treating relationship is certainly a factor that must be considered, the ALJ was required to analyze the other factors set forth in the regulations. *See* 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). Moreover, I note that Defendant cites no authority for the proposition that an ALJ may automatically assign no weight to an opinion solely because the opinion was rendered after the date last insured.[5] Accordingly, I

---

[4] To the extent that Defendant points out that Dr. Giddens suggested that Plaintiff look for work and noted that Plaintiff was attempting to find "another line of work," Dkt. No. 13 at 21 (citing T 656), Dr. Giddens made this suggestion and notation more than one year before he rendered the opinion at issue.

[5] I note that Defendant also argues that the ALJ properly afforded no weight to these opinions because the opinions were set forth in check-the-box forms. Dkt. No. 13 at 22 (citing *Mix v. Astrue*, No. 09-CV-0016, 2010 WL 2545775, at *5 (W.D.N.Y. June 18, 2010)). However, the ALJ was not relieved of her obligation to provide a proper analysis of the opinions simply because

recommend remand. On remand, the ALJ must properly analyze the opinions of Drs. Kuthuru and Kyobe if the opinions are afforded less than controlling weight.

**D. Medical-Vocational Guidelines**

Plaintiff argues that the ALJ erred when he failed to consult a vocational expert. Dkt. No. 12 at 24-25. Defendant argues that the ALJ made no such error in this regard. Dkt. No. 13 at 23-24.

Because the Court is recommending remand for several reasons, the Court recommends remand on this issue as well. Upon remand, the ALJ shall obtain the opinion of a vocational expert if Plaintiff's nonexertional limitations present significant limitations. *See Bapp v. Bowen*, 802 F.2d 601, 605-06 (2d Cir. 1986) (holding that if a claimant's nonexertional impairments "significantly limit the range of work permitted by his exertional limitations" the application of the grids is inappropriate).

**WHEREFORE**, for the reasons set forth above, it is hereby

**RECOMMENDED**, the Commissioner's determination of no disability be VACATED and the matter REMANDED to the agency for further consideration.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE

---

the opinions were partially set forth in check-the-box forms. Defendant also argues that it is well settled that an ALJ may give no weight to the opinion of a treating physician. Dkt. No. 13 at 22-23. For support, Defendant cites two cases. *Id.* It is unclear how these cases support Defendant's proposition. In one case, the opinion at issue was rendered by a *consultative examiner*. *Stephens v. Astrue*, No. 6:08-CV-0400, 2009 WL 1813258, at *5 (N.D.N.Y. June 25, 2009) (Lowe, M.J.). In the other case, the opinion at issue was rendered by a *chiropractor*, who is not considered to be an "acceptable medical source" who can give a medical opinion establishing an impairment. *McGregor v. Astrue*, No. 06-CV-147, 2008 U.S. Dist. LEXIS 112098, at *31 (N.D.N.Y. Mar. 31, 2008) (Homer, M.J.).

APPELLATE REVIEW. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: August 17, 2010
Syracuse, New York

George H. Lowe
United States Magistrate Judge